F. Matthew Ralph (AZ #32361)
DORSEY & WHITNEY LLP
50 S. Sixth St., Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868
Email: ralph.matthew@dorsey.com

Attorneys for Plaintiff
Banner Industries of N.E., Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Banner Industries of N.E., Inc., a Massachusetts company,<br><br>    Plaintiff,<br><br>    vs.<br><br>Frank Schollmeier, an Arizona resident,<br><br>    Defendant. | CASE NO. _____<br><br>**COMPLAINT** |

   Plaintiff BANNER INDUSTRIES OF N.E., INC, a Massachusetts company ("BANNER" or "Plaintiff"), alleges as follows:

   1.   BANNER employed Defendant FRANK SCHOLLMEIER for over a year-and-a-half as a sales representative with a substantial annual salary. But SCHOLLMEIER did not make a single sale. Instead, SCHOLLMEIER sold his house and moved away from his sales territory without notifying BANNER, failed to make reasonable best efforts to sell BANNER's products, breached his employment agreement with his prior employer without BANNER's knowledge and despite BANNER's advice to the contrary, then had the temerity to demand BANNER indemnify him for the costs of his litigation and settlement with his former employer.

   2.   BANNER seeks (a) damages for SCHOLLMEIER's breach of his employment agreement and (b) declaratory relief that it is not responsible for indemnifying SCHOLLMEIER for unauthorized actions that were outside the scope of his employment.

# PARTIES

3. BANNER is a national and international distributor of flow components, equipment, and services for both the high purity and industrial markets. BANNER is incorporated and has its principal place of business in Massachusetts. Banner also has an office in Tempe, Arizona.

4. BANNER hired SCHOLLMEIER as an outside sales person at BANNER in or about February 2020. Upon information and belief, at the time BANNER hired SCHOLLMEIER, he resided in Brentwood, Contra Costa County, California. As described further below, upon information and belief, SCHOLLMEIER presently resides in Surprise, Maricopa County, Arizona.

5. SCHOLLMEIER was hired to sell Cobetter filtration solutions to the Life Science market, which includes the Food & Beverage Sector, Biotech, and Pharmaceuticals. BANNER agreed to pay SCHOLLMEIER a substantial annual salary. The parties understood and agreed that SCHOLLMEIER would focus his sales efforts in California and that he was hired in part because he was a California resident and proximately located to many potential customers. Recruiting new employees was not within SCHOLLMEIER's job duties for BANNER.

6. On July 23, 2021, SCHOLLMEIER gave two weeks' notice of his resignation from BANNER. SCHOLLMEIER's last day at BANNER was on August 6, 2021.

## SCHOLLMEIER BREACHED HIS EMPLOYMENT AGREEMENT WITH BANNER

7. From the time that SCHOLLMEIER was hired to the date he resigned, SCHOLLMEIER made no sales.

8. Upon information and belief, SCHOLLMEIER did not use reasonable best efforts to make sales. Instead, he collected his salary without doing the work for which BANNER hired him.

9. BANNER is informed and believes and thereon alleges that from January 2020 through May 1, 2021, SCHOLLMEIER was a resident of Brentwood, Contra Costa County, California.

10. On or about April 1, 2021, SCHOLLMEIER listed his home in Brentwood, California, for sale. The Brentwood home sold on or about May 7, 2021.

11. On or about May 1, 2021, SCHOLLMEIER purchased a home in Surprise, Arizona and about the same time moved from Brentwood, California to Surprise, Arizona.

12. At no time during SCHOLLMEIER's employment did he inform BANNER that he moved, nor did he advise anyone at BANNER that he intended to relocate out of state.

13. On or about July 10, 2021, Chris Buck, SCHOLLMEIER's supervisor, flew from Oregon to Northern California to meet with SCHOLLMEIER, amongst other meetings. SCHOLLMEIER refused to meet with Mr. Buck in person.

14. Upon information and belief, SCHOLLMEIER's failure to use reasonable best efforts to make sales and his move to Arizona were part of the same pattern of conduct designed to deprive BANNER of the benefit of its employment contract with SCHOLLMEIER.

15. As a result of SCHOLLMEIER's breaches of his employment agreement with BANNER, BANNER suffered direct and consequential damages of at least $200,000.

## SCHOLLMEIER DEMANDED INDEMNIFICATION FROM BANNER FOR LIABILITIES HE INCURRED OUTSIDE THE SCOPE OF HIS EMPLOYMENT

16. When BANNER hired SCHOLLMEIER, he disclosed that he was a party to an agreement with his prior employer Valin Corporation ("VALIN"). BANNER expressly directed SCHOLLMEIER to comply with the terms of this agreement.

17. Approximately one week after he began working for BANNER, SCHOLLMEIER attended a trade show at the Anaheim Conference Center. Coincidentally, VALIN was exhibiting at another trade show also held at the Anaheim Conference Center. At some point, and without BANNER's knowledge or consent, SCHOLLMEIER left the trade show at which BANNER was exhibiting and went to the other trade show to visit VALIN's booth.

18. BANNER did not direct SCHOLLMEIER to go to the other trade show or visit VALIN's booth. To the contrary, SCHOLLMEIER was directed to man BANNER's booth at the trade show where it was exhibiting.

19. In or about April 2020, SCHOLLMEIER was sued by his former employer, VALIN, for breach of contract and unfair competition, and for temporary, preliminary, and permanent injunctive relief.

20. SCHOLLMEIER retained an attorney to defend himself against the VALIN complaint.

21. VALIN alleged that in connection with the cessation of his employment, SCHOLLMEIER executed a confidential Separation Agreement and General Release of All Claims (the "Separation Agreement").

22. The Separation Agreement contained a non-disparagement provision, a non-solicitation provision, and a confidentiality provision as to the terms of the Separation Agreement.

23. VALIN claims that SCHOLLMEIER breached the non-disparagement and confidentiality obligations of the Separation Agreement during this trade show visit.

24. VALIN claims that during SCHOLLMEIER's visit to the Valin booth, SCHOLLMEIER told VALIN employees that VALIN was "really unethical," and that VALIN's CEO, Joseph Nettemeyer, engaged in age discrimination. VALIN further alleged that SCHOLLMEIER improperly disclosed that he was well compensated in connection with his separation from VALIN.

25. VALIN further alleged that SCHOLLMEIER breached the confidentiality provision by disclosing confidential information pertaining to VALIN's key employees, and soliciting VALIN's employees purportedly for BANNER's benefit. Specifically, VALIN alleged that in response to a question from one of its employees to SCHOLLMEIER as to whether he intended to solicit VALIN's employees, SCHOLLMEIER smirked, a gesture that VALIN interpreted to be a response in the affirmative.

26. The Separation Agreement provided that "[i]n the event either party seeks injunctive relief (which VALIN did in this lawsuit), the prevailing party shall be entitled to recover reasonable costs and attorneys' fees."

27. In response to discovery propounded by VALIN, SCHOLLMEIER admitted that recruiting employees was not within his job duties for BANNER.

28. On or around February 9, 2021, SCHOLLMEIER made a demand for indemnification to BANNER under California Labor Code § 2802 for reimbursement of legal expenses incurred in the defense of the VALIN lawsuit.

29. SCHOLLMEIER's indemnification demand was unreasonable for several reasons.

30. First, § 2802 is not an attorney's fees statute; it is an indemnity statute. It expressly conditions the right to indemnity on a showing that the expenditures arose as a direct consequence of the discharge of the employee's duties. If the expenditures did not arise from discharge of the employee's duties, indemnity under § 2802 cannot be had. *Douglas v. Los Angeles Herald–Examiner* (1975) 50 Cal.App.3d 449, 464, 123 Cal.Rptr. 683. SCHOLLMEIER's alleged conduct of disparaging his former employer was outside the scope of SCHOLLMEIER's employment with BANNER. In fact, SCHOLLMEIER had no BANNER business-related reason to be at the trade show where VALIN was exhibiting (as noted, BANNER was exhibiting at a separate trade show held in another conference hall). SCHOLLMEIER's alleged recruitment of VALIN's employees was also outside the scope of employment.

31. Second, SCHOLLMEIER, made this indemnification demand despite the fact that the VALIN lawsuit had been pending for over 10 months.

32. Third, SCHOLLMEIER made this indemnification demand despite the fact that he had never made any sales for BANNER and, instead, was simply collecting his salary without using reasonable best efforts to pursue sales.

33. For these reasons, BANNER declined SCHOLLMEIER's indemnification demand. BANNER also noted that the claim was not ripe because California Labor Code § 2802 does not require a duty to defend. BANNER further questioned whether the matter had been tendered to potentially applicable insurance policies.

34. Approximately one month later, SCHOLLMEIER renewed his request for indemnification stating that the VALIN matter had settled. At no point had SCHOLLMEIER advised BANNER that settlement discussions were occurring or given BANNER any opportunity to participate in the discussions or object to the settlement terms.

35. Although BANNER denied any obligation to defend or indemnify SCHOLLMEIER, BANNER nevertheless asked for the terms of the settlement agreement. Initially, SCHOLLMEIER refused on the ground that the settlement terms were confidential. Later SCHOLLMEIER produced redacted time entries that did not permit BANNER to assess the quality of SCHOLLMEIER's litigation strategy or representation.

36. SCHOLLMEIER's renewed indemnification demand is unreasonable because SCHOLLMEIER has refused to disclose any further information regarding the VALIN matter, including an assessment of the settlement value of the case and the complete terms of the settlement. Therefore, it is impossible for BANNER to assess whether the settlement was reasonable.

37. Moreover, had SCHOLLMEIER prevailed in his litigation, he would have had a claim for indemnification of attorneys' fees and costs against VALIN under the parties' Separation Agreement. On information and belief, SCHOLLMEIER improperly waived his right to recover attorneys' fees against VALIN by settling the matter rather than defending and prevailing (which SCHOLLMEIER often stated was likely) against VALIN. BANNER cannot know for certain because SCHOLLMEIER has refused to share the terms of the settlement agreement with VALIN or the specifics of the litigation.

**JURISDICTION AND VENUE**

38. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

39. Venue is appropriate under 28 U.S.C. § 1391 because SCHOLLMEIER resides in this judicial district and because, on information and belief, a substantial part of the events giving rise to the claim occurred here. Moreover, BANNER has an office in this judicial district.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

40. BANNER realleges and incorporates each of the allegations set forth above.

41. SCHOLLMEIER has breached his employment agreement with BANNER by failing to use reasonable best efforts to sell BANNER's products and by moving to Arizona where he is not proximate to his sales territory.

42. BANNER has suffered direct and consequential damages in the form of salary and benefits paid to SCHOLLMEIER and lost sales that would have been made by an employee who had fulfilled his duties.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

43. BANNER realleges and incorporates each of the allegations set forth above.

44. An actual controversy now exists between BANNER and SCHOLLMEIER concerning their respective rights, duties, and obligations under California Labor Code § 2802, in that BANNER asserts that it has no obligation to indemnify SCHOLLMEIER pursuant to Labor Code § 2802 because defaming a former employer and disclosing confidential information relating to his confidential Separation Agreement are not within the scope of SCHOLLMEIER's duties for BANNER. SCHOLLMEIER contests BANNER's assertion and otherwise contends that he is entitled to indemnification.

45. BANNER desires a judicial determination and declaration of the parties' respective rights, duties, and obligations under § 2802, and specifically that BANNER is not obligated to defend or indemnify SCHOLLMEIER against the action filed by VALIN.

46. Absent direction from the Court, subsequent litigation will certainly ensue to determine the rights of the parties.

WHEREFORE, BANNER demands judgment for:

a. Direct and consequential damages as a result of SCHOLLMEIER'S breach of contract;

b. An award of attorneys' fees, costs, and disbursements pursuant to applicable law;

c. A declaration of the parties' respective rights, duties, and obligations under and pursuant to § 2802;

d. A declaration that BANNER has no duty or obligation to defend or indemnify SCHOLLMEIER in the action filed by VALIN;

e. A declaration that BANNER has no obligation or duty to indemnify SCHOLLMEIER for any judgment or any settlement agreed to by the parties in the action brought by VALIN;

f. Prejudgment and post-judgment interest.

g. Such other and further relief as the Court deems just and proper.

DATED: August 6, 2021               DORSEY & WHITNEY LLP

                                    By: _____/s/ F. Matthew Ralph_____
                                            F. Matthew Ralph
                                            Attorneys for Plaintiff